Arnold J. AUERBACH, Plaintiff,

v.

TRUSTEES OF the CALIFORNIA STATE
COLLEGES et al., Defendants.

Civ. No. 71–1126–F.

United States District Court,
C. D. California.

Aug. 18, 1971.

Howard L. Berman, of Levy & Van
Bourg, Los Angeles, Cal., for plaintiff.

Philip M. Rosten, Laurence R. Sperber, Los Angeles, Cal., amicus curiae for
plaintiff.

Evelle J. Younger, Atty. Gen., Thomas
E. Warriner, Melvin R. Segal, Deputy
Attys. Gen., Los Angeles, Cal., for defendants.

FINDINGS OF FACT

FERGUSON, District Judge.

1. The plaintiff, Arnold J. Auerbach,
is a citizen of the United States and is a
resident of Northridge, County of Los
Angeles, State of California.

2. The defendant Trustees of the
California State Colleges (hereafter
"Trustees") are members of a legislatively created board authorized to govern and manage the system of public
higher education in the State of California known as the California State Colleges, which includes San Fernando Valley State College. The defendant Trustees are empowered to fill all academic
and administrative positions in the California State Colleges by appointment.
The principal offices of the Defendant
Trustees are located in Los Angeles, California.

3. The defendant, Glenn S. Dumke,
is the Chancellor of the California State
Colleges, and in that capacity is the
Chief Executive Officer of the California State Colleges.

4. The defendant, James W. Cleary,
is President of San Fernando Valley
State College, which is located in Northridge, California, and said defendant, by
and through authority delegated to him
by the Trustees, directs, governs and
manages said College.

5. Pursuant to California statute, the
Trustees have the power to provide by
rule for the government of their appointees and employees [California Education Code § 24201] and are required
to adopt rules prescribing the form, time
and method of giving notice of intention
not to recommend reappointment for the

succeeding year to academic employees not having permanent (tenured) status [California Education Code § 24305].

6. Pursuant to this authority, the Trustees have promulgated certain rules relating to employees of the California State Colleges, including the procedure to be utilized in appointing, reappointing, conferring tenure and refusing to reappoint probationary (non-tenured) academic employees. Said rules are found in Sub-chapter 6 of Chapter 1 of Part V of Title V of the California Administrative Code (hereafter cited as "V, Admin. C."). They provide, in pertinent part, that the President of each of the state colleges, or their designees, shall have the final authority to make all appointments (and reappointments) of academic employees on their campuses which confer tenure, after utilization of a consultative process which each college is required to develop in order to involve tenured faculty members in recommendations to the President or his designee relating to academic personnel matters [V, Admin.C. §§ 42702(d) (2), 42701]. All appointments (and reappointments which confer tenure) must be based solely on ability and fitness for the position to be filled [V., Admin.C. § 43560(f)].· In the event that the President of a state college determines not to reappoint a second-year probationary academic employee, he must notify him not later than December 1st that his services will terminate at the end of that college year. Failure to notify the probationary academic employee in the manner prescribed results in his automatic reappointment for the succeeding year. [V, Admin.C. § 43566(b), (d)].

7. San Fernando Valley State College has formulated and implemented a consultative process, as required by the Trustees, whereby faculty members are involved in making recommendations to defendant James W. Cleary relating to academic personnel matters, including reappointments of probationary academic employees which confer tenure. A true copy of this consultative process is contained in Part 7 of the College's Faculty Handbook, and is designated "Personnel Policies and Procedures of the General Faculty" (hereafter "Personnel Policies"). Said Personnel Policies is attached to the Complaint as Exhibit 1.

The Personnel Policies provide that the following individuals and committees make recommendations to the President of the College on all personnel matters, including reappointments of probationary academic employees which confer tenure: the Department Personnel Committee; the Department Chairman; the School Personnel Committee; the Dean of the School; the Vice-President for Academic Affairs; and the all-college Personnel Planning and Review Committee. An elaborate procedure of appeals and requests for reconsideration is set forth whereby the affected academic employee can ostensibly challenge negative recommendations of said committees and individuals [Personnel Policies, pp. 110–113, 125–126, 133–134].

The Personnel Policies contain rules governing the maintenance of personnel files for academic employees, which files are before the various committees and individuals with responsibility for making recommendations in the consultative process [Personnel Policies, pp. 116–117].

8. Nowhere in the applicable California statutes, rules of defendant Trustees, or San Fernando Valley State College consultative process is there any requirement that the President of the College, or the Committees and individuals making recommendations to him, inform the affected academic employee of the reasons for a negative decision or negative advisory recommendation, nor do said statutes, rules and consultative process require that the matters considered before making these decisions and recommendations be revealed to the affected academic employee.

To the contrary, the Personnel Policies specifically provide that San Fernando Valley State College shall be under no obligation to explain its decision not to

**810**

accord tenure or not to reappoint [Personnel Policies, p. 125].

9. The Trustees have, by regulation, directed the Chancellor of the California State Colleges to prescribe grievance procedures which may be utilized by academic employees of the State Colleges (V, Admin.C. § 42714). Pursuant thereto, Chancellor Dumke, on September 30, 1970, issued Executive Order No. 112, grievance procedures for academic personnel of the California State Colleges. A true and correct copy of Executive Order No. 112 is attached to Respondents' Motion to Dismiss as Exhibit A thereto.

10. Plaintiff was appointed by defendant James W. Cleary's predecessor as full Professor in the College's Sociology Department, a Department within the College's School of Letters and Science, effective September, 1969. Plaintiff performed and continues to perform those duties pursuant to that appointment. On or about March 1, 1970, plaintiff was reappointed for the academic year 1970–1971 as a second-year probationary academic employee.

11. By letter dated November 27, 1970, the plaintiff was notified by defendant, James W. Cleary, acting under the authority vested in him by defendant Trustees, that he (plaintiff) would not be offered a career appointment on the faculty of San Fernando Valley State College as a tenured Professor in Sociology and that his employment at San Fernando Valley State College would terminate at the end of the 1970–1971 academic year.

12. This decision not to reappoint and accord tenure to plaintiff followed a series of negative recommendations by the various committees and individuals participating in the consultative process.

13. Notwithstanding plaintiff's repeated requests, the defendant, James W. Cleary, acting under color of the authority conferred upon him by the laws of the State of California, the rules of defendant Trustees and the Personnel Policies of the College, has refused to provide plaintiff with the reasons for his decision not to reappoint and accord tenure to plaintiff, and has refused to offer plaintiff a fair and impartial hearing whereat plaintiff could attempt to establish that the reasons proffered were without foundation in fact, constitutionally impermissible or otherwise wholly inappropriate for consideration. None of the committees and individuals making recommendations to the President with respect to plaintiff's reappointment have informed plaintiff of the reasons for their negative recommendations, or the matters considered in arriving at them. At no time has plaintiff had any knowledge of the reasons for the negative recommendations and the decision not to reappoint and accord tenure to him.

14. Plaintiff had available to him a grievance procedure (Executive Order No. 112) as heretofore described pursuant to which a hearing might have been held. Plaintiff refused to avail himself of that procedure following defendant Cleary's decision not to reappoint him and accord him tenure. His failure to file a grievance was predicated on defendants' refusal to provide him with a specification of reasons for the non-retention decision and the inability of the grievance procedures to insure that he would have been able to secure those reasons by filing a grievance.

15. The decision of defendant James W. Cleary not to reappoint and accord tenure to plaintiff has caused, and unless such decision is restrained from enforcement, will continue to cause, the plaintiff damages to his professional reputation and standing and severely hamper his opportunities for employment at other institutions of higher learning, for which there is no adequate remedy at law.

CONCLUSIONS OF LAW

From the foregoing Findings of Fact, the Court concludes as follows:

1. This is an action to redress a deprivation, under color of law of the

State of California, of rights secured to plaintiff by the Fourteenth Amendment to the Constitution of the United States. The jurisdiction of this Court is properly invoked under 62 Stat. 932, 28 U.S.C. § 1343, and the Civil Rights Act of 1871, 17 Stat. 1342, 42 U.S.C. § 1983.

2. Defendants' refusal, under color of state law, to provide plaintiff with a specification of reasons for the decision not to reappoint him for the academic year 1971–1972 and accord him tenured status as a Professor of Sociology at San Fernando Valley State College, and to provide him with a fair and impartial hearing whereat he could seek to establish, through the presentation of evidence, that the reasons proffered for that decision were constitutionally impermissible, untrue, or otherwise wholly inappropriate for consideration, were arbitrary and capricious, and constituted a denial of due process to plaintiff within the meaning of the Fourteenth Amendment to the Constitution of the United States.

3. Defendants' conduct heretofore described warrants the issuance of a permanent injunction directing the defendants:

1) to provide plaintiff with a specification of reasons for the decision not to reappoint him for the academic year 1971–1972 and accord him tenured status as a Professor in the Sociology Department at San Fernando Valley State College, and

2) to further provide him with an adequately noticed fair and impartial hearing whereat he can seek to establish, through the presentation of evidence, that the reasons specified are untrue, constitutionally impermissible or otherwise wholly inappropriate for consideration, and

3) that pending said specification of reasons and hearing, defendants and each of them, their agents, servants, employees, successors and attorneys, and all persons in active concert and participation with them, be restrained from giving any force and effect to the decision of defendant James W. Cleary to deny plaintiff reappointment for the academic year 1971–1972 and tenured status as a Professor in the Sociology Department at San Fernando Valley State College, and from taking any action to sever plaintiff's employment as an academic employee of defendant Trustee.

4. This Court shall retain jurisdiction of this cause until such time as defendants have complied with the provisions of the permanent injunction.

5. Plaintiff shall recover his costs of suit in this action.

It is so ordered, and counsel for plaintiff will submit an appropriate judgment in accordance herewith.

## JUDGMENT

This action came on for hearing before the Court, Honorable Warren J. Ferguson, District Judge, presiding, and the issues having been duly heard and argued by counsel, and thereupon, upon consideration thereof, the Court having made its findings of fact and conclusions of law, it is hereby,

Ordered, adjudged and decreed,

1. Defendants' refusal, under color of state law, to provide plaintiff with a specification of reasons for the decision not to reappoint him for the academic year 1971–1972 and accord him tenured status as a Professor of Sociology at San Fernando Valley State College, and its refusal to provide him with a fair and impartial hearing whereat he could seek to establish, through the presentation of evidence, that the reasons proffered for that decision were constitutionally impermissible, untrue, or otherwise wholly inappropriate for considera-

tion, were arbitrary and capricious and constituted a denial of due process to plaintiff within the meaning of the Fourteenth Amendment to the Constitution of the United States.

2. A permanent injunction shall issue directing the defendants:

1) to provide plaintiff with a specification of reasons for the decision not to reappoint him for the academic year 1971–1972 and accord him tenured status as a Professor in the Sociology Department at San Fernando Valley State College, and

2) to further provide him with an adequately noticed fair and impartial hearing whereat he can seek to establish, through the presentation of evidence, that the reasons specified are untrue, constitutionally impermissible or otherwise wholly inappropriate for consideration, and

3) that pending said specification of reasons and hearing, defendants and each of them, their agents, servants, employees, successors and attorneys, and all persons in active concert and participation with them, be restrained from giving any force and effect to the decision of defendant James W. Cleary to deny plaintiff reappointment for the academic year 1971–1972 and tenured status as a Professor in the Sociology Department at San Fernando Valley State College, and from taking any action to sever plaintiff's employment as an academic employee of defendant Trustees.

3. This Court shall retain jurisdiction of this cause until such time as defendants have complied with the provisions of the permanent injunction.

4. Plaintiff shall recover his costs in this action.